# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Latonya Smith El Bey, | Case No. 19-cv-2605 (NEB/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Kristen Williams, and State of Minnesota,[1] | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Latonya Smith El Bey's Application to Proceed in forma pauperis. [Docket No. 2].

Plaintiff Latonya Smith El Bey did not pay the filing fee for this matter; instead, she applied for permission to proceed in forma pauperis (hereinafter "IFP"). (See, IFP Application [Docket No. 2]). That IFP application is now before the Court, and it must be considered before any other action may be taken in this matter.

Upon review of the IFP Application, this Court concludes that Smith qualifies financially for IFP status. That does not, however, end this Court's inquiry as to the IFP Application.

---

[1] As discussed in the present Report and Recommendation, Plaintiff's Complaint is less than clear including but not limited to a lack of clarity regarding the persons or entities she wishes to name as Defendants in the present action. (See, Compl. [Docket No. 1]). For example, the caption of Plaintiff's Complaint simply lists "minnesota" on the blank line intended for a Defendant's name; however, "minnesota" is not listed in the portion of the form-Complaint directing Plaintiff to list all Defendants. Instead, in that section, Smith lists only "KRISTEN WILLIAMS" who Smith identifies only as "PUBLIC DEFENDER." (Id.). Further complicating the issue, on the portion of the form-Complaint regarding the "Basis for Jurisdiction' Plaintiff twice lists "KRISTEN WILLIAMS" as the plaintiff, and Smith again lists "KRISTEN WILLIAMS" as the plaintiff in the 'Statement of Claim" portion of the form-Complaint. (Id.). Smith also appears to list yet another Defendant as "T.B.A." which Smith indicates is a citizen of the State of Minnesota, but which is also described as both a corporation and an individual.

An IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Smith's Complaint is not a model of clarity, and the exhibits filed with the Complaint only marginally clarify the claims being raised in this proceeding. Smith was convicted in Minnesota state court of one count of threatening to commit a crime of violence in violation of Minn. Stat. § 609.713, subd. 1. See, State of Minnesota v. Smith, No. 62-CR-17-6226 (Minn. Dist. Ct. 2017). Speaking broadly, the assertions in Smith's Complaint are objections to the conduct of several individuals involved in that criminal proceeding, including the law-enforcement official who

2

arrested her, the public defender who represented her, and the State Court Judge presiding over her case. (See, Compl. [Docket No. 1]).

Most, if not all, of the claims raised in the complaint and implied by the accompanying materials are barred by the doctrine set forth in Heck v. Humphrey, in which the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486–87 (1994) (footnote omitted).

Smith—reasoning backwards from the fact that her conviction is (according to her) unlawful—contends that the conduct of every individual related to that conviction in some way acted unlawfully. But Smith cannot seek monetary relief on claims that necessarily imply the invalidity of her conviction unless and until her conviction has been overturned, vacated, or otherwise invalidated below. See, Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

In the present case, Smith fails to make any allegation that her state court conviction has been overturned, vacated, or otherwise invalidated. (See, Compl. [Docket No. 1]). Accordingly, the claims in Smith's Complaint are barred by the Heck doctrine.[2] This represents a separate, sufficient basis upon which to recommend dismissal of the present action.

---

[2] Contained within the exhibits to the Complaint are copies of partially completed forms expressing requests for collateral relief from the conviction, including a partially completed petition for a writ of habeas corpus and a motion for relief under 28 U.S.C. § 2255. The claims raised in those materials are incomprehensible, and it is impossible to determine if those forms are even directed at this Court. Further, this Court cannot tell why, precisely, Smith believes that her conviction was unlawful. In any event, the Complaint in the present action requests only monetary relief not invalidation of the conviction or other habeas corpus relief. (See, Compl., [Docket No. 1], at 4). Nothing in this recommendation of dismissal is intended to preclude Smith from seeking habeas corpus or other collateral relief from her conviction in the future.

Just as importantly, Smith fails to make sufficient, specific factual allegations as to what specific conduct of the Defendants is being alleged to be unlawful. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," but Smith has provided almost nothing intelligible by way of factual allegations in her Complaint. Moreover, the mass of exhibits attached to the Complaint do nothing to clarify the precise claims being raised. Based on this lack of specific factual allegations as to the conduct of the Defendants combined with the lack of any discernable cause of action necessarily leads this Court to the conclusion that Smith's Complaint fails to state a claim upon which the Court may grant relief. This too represents a separate, sufficient basis upon which to recommend dismissal of the present action.

Accordingly, it is recommended that this matter be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2. Latonya Smith El Bey's application to proceed in forma pauperis, [Docket No. 2], be **DENIED as moot**.

Dated: January 2, 2020        s/Leo I. Brisbois
                              Hon. Leo I. Brisbois
                              United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).